# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *   *
Z.I., a minor by her parent,            *
MUHAMMAD IYAZ,                          *
                                        *   No. 15-622V
              Petitioner,               *   Special Master Christian J. Moran
                                        *
v.                                      *   Filed: August 7, 2017
                                        *
SECRETARY OF HEALTH                     *   Stipulation; influenza ("flu") vaccine;
AND HUMAN SERVICES,                     *   acute disseminated encephalomyelitis
                                        *   ("ADEM").
              Respondent.               *
* * * * * * * * * * * * * * * * * * *   *
```

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for Petitioner;
Christine M. Becer, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On May 19, 2017, the parties filed a joint stipulation concerning the petition for compensation filed by petitioner, on behalf of his daughter, Z.I., on June 18, 2015. In the petition, petitioner alleged that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which Z.I. received on October 23, 2012, caused Z.I. to suffer acute disseminated encephalomyelitis ("ADEM"). Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Z.I. as a result of her condition.

Respondent denies that the influenza vaccine caused Z.I. to suffer from ADEM or any other injury or her current condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**a.  A lump sum payment of $238,417.48, which amount represents compensation for first year life care expenses ($48,417.48) and pain and suffering ($190,000.00), in the form of a check payable to petitioner as guardians(s)/conservator(s) of the estate of Z.I. for the benefit of Z.I.**

**b.  A lump sum payment of $64,695.33, which amount represents reimbursement of a lien for services rendered on behalf of Z.I., in the form of a check payable jointly to petitioner and**

> **Pennsylvania Department of Human Services**
> **Bureau of Program Integrity**
> **Division of Third Party Liability/Recovery Section**
> **Attn: Wanda Durf**
> **P.O. Box 8486**
> **Harrisburg, PA 17105-8486**
> **CIS #400733887**

**Petitioner agrees to endorse this check to the Pennsylvania Department of Human Services.**

**c.  An amount sufficient to purchase the annuity described in paragraph 10 of the stipulation.**

This represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 15-622V according to this decision and the attached stipulation.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

2

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| Z.I., a minor by her parent,<br>MUHAMMAD IYAZ,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN<br>SERVICES,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 15-622V
Special Master Moran

STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of his daughter, Z.I., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Z.I.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Z.I. received the flu immunization on October 23, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Z.I. suffered from acute disseminated encephalomyelitis ("ADEM") as a result of receiving the vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Z.I. as a result of her condition.

6. Respondent denies that the vaccine caused Z.I. to suffer from ADEM, or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $238,417.48, which amount represents compensation for first year life care expenses ($48,417.48) and pain and suffering ($190,000.00), in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of Z.I. for the benefit of Z.I. No payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed as the guardian(s)/conservator(s) of Z.I.'s estate;

b. A lump sum of $64,695.33 which amount represents reimbursement of a lien for services rendered on behalf of Z.I., in the form of a check payable jointly to petitioner and

Pennsylvania Department of Human Services
Bureau of Program Integrity
Division of Third Party Liability/Recovery Section
Attn: Wanda Durf
P.O. Box 8486
Harrisburg, PA 17105-8486
CIS #: 400733887

Petitioner agrees to endorse this check to the Pennsylvania Department of Human

Services.

c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.     A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.     Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of Z.I., pursuant to which the Life Insurance

Company will agree to make payments periodically to petitioner, as the court-appointed

guardian(s)/conservator(s) of the estate of Z.I. for the following items of compensation:

a. For future unreimbursable Health Insurance Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,887.48 to be paid up to the anniversary of the date of judgment in year 2030. Then, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $2,972.40 to be paid up to the anniversary of the date of judgment in year 2034. Then, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $2,984.16 to be paid up to the anniversary of the date of judgment in year 2035. Then, beginning on the anniversary of the date of judgment in year 2035, an annual amount of $3,043.68 to be paid up to the anniversary of the date of judgment in year 2036. Then, beginning on the anniversary of the date of judgment in year 2036, an annual amount of $3,114.96 to be paid up to the anniversary of the date of judgment in year 2037. Then, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $3,230.88 to be paid up to the anniversary of the date of judgment in year 2038. Then, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $3,326.04 to be paid up to the anniversary of the date of judgment in year 2039. Then, beginning on the anniversary of the date of judgment in year 2039, an annual amount of $4,701.24 to be paid up to the anniversary of the date of judgment in year 2040. Then, beginning on the anniversary of the date of judgment in year 2040, an annual amount of $4,800.60 to be paid up to the anniversary of the date of judgment in year 2041. Then, beginning on the anniversary of the date of judgment in year 2041, an annual amount of $4,900.08 to be paid up to the anniversary of the date of judgment in year 2042. Then, beginning on the anniversary of the date of judgment in year 2042, an annual amount of $4,962.12 to be paid up to the anniversary of the date of judgment in year 2043. Then, beginning on the anniversary of the date of judgment in year 2043, an annual amount of $5,028.48 to be paid up to the anniversary of the date of judgment in year 2044. Then, beginning on the anniversary of the date of judgment in year 2044, an annual amount of $5,061.60 to be paid up to the anniversary of the date of judgment in year 2045. Then, beginning on the anniversary of the date of judgment in year 2045, an annual amount of $5,094.72 to be paid up to the

anniversary of the date of judgment in year 2046, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

b. For future unreimbursable Health Insurance Maximum-out-of-Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,150.00 to be paid up to the anniversary of the date of judgment in year 2046, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable Medicare Part B Premium, Medigap C, and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2046, an annual amount of $3,880.00 to be paid up to the anniversary of the date of judgment in year 2075. Then, beginning on the anniversary of the date of judgment in year 2075, an annual amount of $3,949.60 to be paid up to the anniversary of the date of judgment in year 2076. Then, beginning on the anniversary of the date of judgment in year 2076, an annual amount of $4,020.40 to be paid up to the anniversary of the date of judgment in year 2077. Then, beginning on the anniversary of the date of judgment in year 2077, an annual amount of $4,092.40 to be paid up to the anniversary of the date of judgment in year 2078. Then, beginning on the anniversary of the date of judgment in year 2078, an annual amount of $4,165.60 to be paid up to the anniversary of the date of judgment in year 2079. Thereafter, beginning on the anniversary of the date of judgment in year 2079, an annual amount of $5,226.40 to be paid for the remainder of Z.I.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Educational Support expenses, beginning on the first anniversary of the date of judgment, an annual amount of $15,620.00 to be paid up to the anniversary of the date of judgment in year 2028, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Home Health Aide expenses, beginning on the first anniversary of the date of judgment, an annual amount of $22,500.00 to be paid up to the second anniversary of the date of judgment, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Therapeutic Aide for Camp expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,260.00 to be paid up to the second anniversary of the date of judgment, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Residential Care expenses, beginning on the anniversary of the date of judgment in year 2032, an annual amount of $26,243.50 to be paid for the remainder of Z.I.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Supported Employment expenses, beginning on the anniversary of the date of judgment in year 2032, an annual amount of $29,000.00 to be paid up to the anniversary of the date of judgment in year 2069, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioner and do not require that the payment be made in one annual installment. The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as Z.I. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, and the Life Insurance Company shall be provided within twenty (20) days of Z.I.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of Z.I. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of Z.I.'s estate under the laws of the State of Alabama. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian(s)/conservator(s) of Z.I.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Z.I. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate

of Z.I. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity and as legal representative of Z.I., on behalf of himself, Z.I., and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Z.I. resulting from, or alleged to have resulted from the vaccination administered on October 23, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about June 18, 2015, in the United States Court of Federal Claims as petition No. 15-622V.

18. If Z.I. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused Z.I. to suffer from ADEM, or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Z.I.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

8

Respectfully submitted,

**PETITIONER:**

MUHAMMAD IYAZ

**ATTORNEY OF RECORD FOR PETITIONER:**

LAWRENCE R. COHAN, ESQ.
DAVID J. CARNEY, ESQ.
ANAPOL WEISS
1710 Spruce Street
Philadelphia, PA 19103

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 5/19/17

**ATTORNEY OF RECORD FOR RESPONDENT:**

CHRISTINE M. BECER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3665